**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT AND PAMELA GABRIEL, | ) | CIVIL ACTION |
|   Plaintiffs | ) | |
| | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| NATIONSTAR MORTGAGE, LLC, | ) | |
|   Defendant | ) | FEBRUARY 3, 2020 |

## COMPLAINT – JURY TRIAL DEMANDED

Plaintiffs, Robert and Pamela Gabriel (hereinafter, "Plaintiffs"), through their attorneys, The Woods Law Firm, LLC, as and for their Complaint against the Defendant, Nationstar Mortgage, LLC (hereinafter "Defendant"), respectfully set forth, complain and allege, upon information and belief, the following:

## PARTIES

1.      Plaintiff, Robert P. Gabriel, is a natural person and a resident of the State of Connecticut as of the date of the filing of this Complaint, with his primary residence at 21 Richmond Hill Road, Greenwich, Connecticut 06831.

2.      Plaintiff, Pamela P. Gabriel, is a natural person and a resident of the State of Connecticut as of the date of the filing of this Complaint, with her primary residence at 21 Richmond Hill Road, Greenwich, Connecticut 06831.

3.      Defendant, Nationstar Mortgage, LLC, upon information and belief, is a corporation organized pursuant to the laws of the state of Delaware, is registered as a foreign limited liability company with the Connecticut Secretary of State and has its principal place of business in Lewisville, Texas.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to 28 USC §1332, as well as 28 USC §1332 (a)(1).  This Court has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5.      The Plaintiffs have suffered an ascertainable economic loss in excess of $75,000.00 as a direct result of the Defendant's actions and the amount in controversy in this action exceeds $75,000.00.  There is complete diversity of citizenship between the Plaintiffs and the Defendant.

## FACTUAL ALLEGATIONS

6.      The Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7.      On or about July 31, 2006, Plaintiffs signed a promissory note in favor of now-defunct Lehman Brothers Bank.  The note concerned a property located at 21 Richmond

Hill Road in Greenwich, Connecticut.

8.      The original servicer was Aurora Loan Services, LLC.

9.      On or about April 16, 2010, a foreclosure action was commenced against Plaintiffs to foreclose upon their Richmond Hill Road property, wherein the Defendant became a substituted party Plaintiff in the state court action on or about September 11, 2012.

10.     The recently discovered facts surrounding this case, indeed, are troublesome.

11.     They have revealed that, upon information and belief, monies paid by the Plaintiffs to the Defendant's predecessor-in-interest prior to the commencement of the Connecticut Superior Court foreclosure action were never credited to the Plaintiffs' mortgage account, rendering the condition precedent to the foreclosure action – the default notice dated February 9, 2010 – materially false.

12.     As a result of the Defendant's wrongful actions, Plaintiffs suffered and continue to suffer economic damages relating to the Defendant's conduct.

## FIRST CAUSE OF ACTION
### (Fraud)

13.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

14.     The Defendant, upon information and belief, failed to credit payments made by the Plaintiffs and failed to return same to Plaintiffs.

15.     Thereafter and going forward, the Defendant predicated court filings and communications with the Plaintiff concerning purported arrearages of principal and interest amounts upon knowingly inaccurate figures.

16.     The Defendant represented the knowingly inaccurate figures as being true and correct when, in fact, upon information and belief, they were not.

17.     Additionally, the failure to properly credit the payments made by the Plaintiff served to artificially inflate the amounts of principal and interest which were allegedly due on the note.

18.     Plaintiff relied on Defendant's false representations to its injury and suffered economic damages.

## SECOND CAUSE OF ACTION
### (The Connecticut Unfair Trade Practices Act)

19.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

20.     Defendant's actions relative to: (a) failing to credit payments; (b) failing to return payments that it did not credit; and (c) demanding Plaintiffs pay knowingly inaccurate

amounts constitutes an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiffs.

21.     Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

22.     On or about July 31, 2006, Plaintiffs signed a promissory note in favor of now-defunct Lehman Brothers Bank.  The note concerned a property located at 21 Richmond Hill Road in Greenwich, Connecticut.

23.     The original servicer was Aurora Loan Services, LLC.

24.     On or about April 16, 2010, a foreclosure action was commenced against Plaintiffs to foreclose upon their Richmond Hill Road property, wherein the Defendant became a substituted party Plaintiff in the state court action on or about September 11, 2012.

25.     The recently discovered facts surrounding this case, indeed, are troublesome.

26.     They have revealed that, upon information and belief, monies paid by the Plaintiffs to the Defendant's predecessor-in-interest prior to the commencement of the Connecticut Superior Court foreclosure action were never credited to the Plaintiffs' mortgage account, rendering the condition precedent to the foreclosure action – the default

notice dated February 9, 2010 – materially false.

27.     The Defendant represented the knowingly inaccurate figures as being true and correct when, in fact, upon information and belief, they were not.

28.     Additionally, the failure to properly credit the payments made by the Plaintiff served to artificially inflate the amounts of principal and interest which were allegedly due on the note.

29.     As a result of the Defendant's wrongful actions, Plaintiffs suffered and continue to suffer economic damages relating to the Defendant's conduct.

30.     Simply, the Defendant, engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.   By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

### THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

31.     Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "12" herein with the same force and effect as if the same were set forth at length herein.

32.     The Defendant received payments made by the Plaintiffs which, upon information and belief, it did not credit to the Plaintiffs' account and did not return to the Plaintiffs.

33.     While the foreclosure action was pending, the Plaintiffs remitted payments to the Defendant which, upon information and belief, the Defendant failed to credit to their loan account.

34.     To make matters worse, the Defendant, upon further information and belief, failed to return the payments made by the Plaintiffs.

35.     By virtue of the aforesaid, the Defendant has been unjustly enriched.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, ROBERT P. GABRIEL and PAMELA P. GABRIEL, demand judgment from the Defendant, NATIONSTAR MORTGAGE, LLC, as follows:

A.  For monetary damages;
B.  For punitive damages;
C.  For post-judgment interest;
D.  For attorneys' fees;
E.  For costs;
F.  For treble damages pursuant to the provisions of the Connecticut Unfair Trade Practices Act;
G.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      Windsor, Connecticut
            February 3, 2020

Respectfully submitted,

By: __/s/ ct29447_____
Roderick D. Woods, Esq. (ct29447)
THE WOODS LAW FIRM, LLC
360 Bloomfield Avenue, Suite 301
Windsor, Connecticut 06095
Phone:     (860) 362-0678
Facsimile: (860) 371-2873

*Attorney for the Plaintiffs, Robert P. Gabriel and Pamela P. Gabriel*